TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0298-KB

CHRISTOPHER D. JEFFERSON                                    MOVANT

V.                          IN SUPREME COURT

KENTUCKY OFFICE OF BAR ADMISSIONS                    RESPONDENT

## OPINION AND ORDER

Under SCR[1] 2.014, persons seeking admission to the Kentucky Bar generally must have graduated from a law school which is accredited by either the American Bar Association[2] or the Association of American Law Schools.[3]  In this case, Christopher D. Jefferson, a 2011 graduate of The Birmingham School of Law, a law school not so accredited, moves that we vacate the Character and Fitness Committee's determination that Jefferson was thereby ineligible for admission by reciprocity.  SCR 2.110.  Having reviewed the limited record presented, we deny his motion.

### I.     Facts and Procedural Background.

At some point prior to July 5, 2022, Jefferson applied to the Office of Bar Admissions for admission to the Kentucky bar by reciprocity.  SCR 2.110.  On

---

[1] Kentucky Rules of Supreme Court.

[2] ABA.

[3] AALS.

that date, Valetta H. Browne, Director and General Counsel of the Office of Bar

Admissions, advised Jefferson by letter that

> Your application for admission without Examination pursuant to
> SCR 2.110 has been under review by members of the of the
> Character and Fitness Committee. . . . The Committee members
> have determined that due to the fact that you did not earn a J.D.
> degree from a law school accredited by the [ABA], you are not
> eligible for admission without examination.

Ms. Browne further advised Jefferson that the Supreme Court Rules provided a

path for admission to the bar by examination for graduates of non-accredited

law schools and that the Board of Bar Examiners was the appropriate body

under Kentucky rules to make the determination of quality of the legal

education. SCR 2.014(3)(a).

Jefferson appeals the Committee's determination to this Court. SCR

2.060.

## II.    Analysis.

Jefferson argues that the Committee impermissibly interposed into SCR

2.110 the requirement that he was required to have graduated from either an

ABA or AALS accredited law school. He further argues that he has met all the

requirements of admission by reciprocity, set forth in SCR 2.110, by having

earned a degree in "Doctorate of Jurisprudence from The Birmingham School of

Law" in 2011; passed the "Alabama Universal [sic] Bar Exam (UBE)" with a

score of 269.4;[4] been admitted to the Alabama State Bar in 2013; and practiced

---

[4] Jefferson is not eligible for Admission by Transferred Uniform Bar
Examination score under SCR 2.090 because his UBE score was earned more than
five years before his date of application. SCR 2.090(2)(b).

2

law in five of the last seven years. He further states that Alabama grants reciprocity to Kentucky lawyers.

Jefferson, however, ignores an important rule governing our bar licensing process: SCR 2.010. This rule states, in full:

> **All applicants for admission to the bar of this state must meet certain basic requirements regardless of whether admission is sought** by examination (SCR 2.022), by transferred Uniform Bar Examination score (SCR 2.090), **without examination (SCR 2.110)**, for a limited certificate (SCR 2.111) or as an attorney participant in a defender or legal services program (SCR 2.112). **Those requirements are set forth in the following sections SCR 2.011 through SCR 2.017.**

(Emphasis added).

In this regard, SCR 2.014(1) clearly and unambiguously states that "[e]very applicant for admission to the Kentucky Bar must have completed degree requirements for a J.D. or equivalent professional degree from a law school approved by the American Bar Association or by the Association of American Law Schools." The fact that The Birmingham School of Law may be regulated and "accredited" by the Alabama legislature or the Alabama Supreme Court, as argued by Jefferson, does not meet the requirements of our rules.[5]

Finally, Jefferson argues that we should remand this matter to the Committee with directions for it to determine whether his degree meets the educational requirement "that is the substantial equivalent of the legal education provided by approved law schools located in Kentucky." SCR

---

[5] While not determinative of our holding in this matter, Alabama appears to have the same requirement for bar admission without examination by reciprocity, that "[t]he applicant shall . . . hold a first professional degree in law (J.D. or L.L.B.) from a law school that was on the approved list of the American Bar Association at the time the degree was conferred[.]" Ala. Bar Admission Rule III.A.(b).

2.014(3)(a).  Unfortunately for Jefferson, the appropriate body within the Office of Bar Admissions to evaluate his legal education is the Board of Bar Examiners, not the Committee.[6]  *Id.*  And, even assuming that the Board were to evaluate Jefferson's legal education favorably, that positive review would permit Jefferson to apply for admission to the bar by examination, not by reciprocity.  *See* SCR 2.014(3) (stating "[a]n attorney who received a legal education in the United States but is not eligible for admission by virtue of not having attended a law school approved by the American Bar Association or the Association of American Law Schools may nevertheless be considered for admission by examination. . . .").

### III.    Conclusion.

In conclusion, the Character and Fitness Committee of the Office of Bar Admissions appropriately evaluated Christopher D. Jefferson's application for admission without examination and correctly determined that by virtue of his not having "completed degree requirements for a J.D. or equivalent professional degree from a law school approved by the American Bar Association or by the Association of American Law Schools[,]" SCR 2.014(1), he is ineligible for admission without examination.

---

[6] The Office of Bar Admissions is comprised of two separate bodies, the Kentucky Board of Bar Examiners and the Character and Fitness Committee, SCR 2.000, which have distinct membership and responsibilities, as set forth in SCR Part II. Admission of Persons to Practice of Law.

## IV.  Order.

The Petition of Christopher D. Jefferson to vacate the Character and Fitness Committee's decision with respect to his application under SCR 2.110 is hereby DENIED.

All sitting.  All concur.

ENTERED:  September 22, 2022.

_____
CHIEF JUSTICE